**BROWN KWON & LAM, LLP**
Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JESSICA SERRANO,** *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> - against - <br><br> **WHITSONS RESOURCE MANAGEMENT CORP. d/b/a WHITSONS CULINARY GROUP,** <br><br> Defendant. | **Case No: 2:21-cv-2616** <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff JESSICA SERRANO ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, WHITSONS RESOURCE MANAGEMENT CORP. d/b/a WHITSONS CULINARY GROUP ("Defendant") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime wages due to time-shaving,

(3) unpaid wages for compensable work time outside of scheduled work hours, (4) liquidated damages, and (5) attorneys' fees and costs.

2.  Plaintiff also brings this action on behalf of herself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime wages due to time-shaving, (3) unpaid wages for compensable work time outside of scheduled work hours, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.  This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

7.  Plaintiff JESSICA SERRANO is an adult who resides in Suffolk County, New York.

8.  Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

9. Plaintiff retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

***Defendant***

10. At all relevant times, Whitsons Culinary Group provides food service to multiple industries throughout the United States, including schools, healthcare, among others. Specifically, Whitsons Culinary Group contracts with industries around the Northeast region of the United States, including in the states of New York, Connecticut, New Jersey, and Massachusetts. At all relevant times, Whitsons Culinary Group operates their payroll through Defendant WHITSONS RESOURCE MANAGEMENT CORP.

11. At all relevant times, Defendant employed Plaintiff and similarly situated employees.

12. At all relevant times, Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

13. At all relevant times, Defendant was and continues to be employers within the meaning of the FLSA and NYLL.

***WHITSONS RESOURCE MANAGEMENT CORP.***

14. Corporate Defendant WHITSONS RESOURCE MANAGEMENT CORP. is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 1900 Motor Parkway, Islandia, New York 11749, and an address for service of process located at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

15. At all relevant times, WHITSONS RESOURCE MANAGEMENT CORP. has done business as Whitsons Culinary Group.

16. At all relevant times, WHITSONS RESOURCE MANAGEMENT CORP. had an annual dollar volume of sales in excess of $500,000.

17. WHITSONS RESOURCE MANAGEMENT CORP. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

18. At all relevant times, WHITSONS RESOURCE MANAGEMENT CORP. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

19. WHITSONS RESOURCE MANAGEMENT CORP. applies the same employment policies, practices and procedures to all non-exempt employees at Whitsons Culinary Group.

20. WHITSONS RESOURCE MANAGEMENT CORP. is listed as the payor on pay stubs received by employees of Whitsons Culinary Group.

## FLSA COLLECTIVE ACTION ALLEGATIONS
## (UNPAID WAGES)

21. Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of herself and all similarly situated current and former non-exempt employees employed at Whitsons Culinary Group, owned, operated, and/or controlled by Defendant, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

22. At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA

4

Collective Members their full wages for all hours worked, including overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

23. All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

24. Defendant is aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

25. For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendant's records.

### NEW YORK CLASS ACTION ALLEGATIONS

26. Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of herself and a class of persons consisting of all current and former non-exempt employees employed at Whitsons Culinary Group, owned, operated, and/or controlled by Defendant, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

27. Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

28. The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendant's payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also

determinable from Defendant's records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendant's records. Notice can be provided by means permissible under Rule 23.

29. The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

30. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

31. Plaintiff and Class Members were subject to the same practices of Defendant, as alleged herein, of (i) failing to pay wages due to time-shaving, (ii) failing to pay overtime wages due to time-shaving, (iii) failing to pay wages for compensable work time after scheduled work hours, (iv) failing to provide proper wage notices, and (v) failing to provide proper wage statements, in violation of the NYLL.

32. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices and patterns of conduct. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

33. Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

34. Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

35. Plaintiff are represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

37. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class

Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

39. Defendant and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

40. Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

   a. Whether Defendant employed Plaintiff and Class Members within the meaning of the NYLL;

   b. Whether Defendant paid Plaintiff and Class Members the full and proper wages for all hours worked;

   c. Whether Defendant paid Plaintiff and Class Members their overtime premium for all hours worked;

   d. Whether Defendant required Plaintiff and Class Members to work through their meal breaks;

   e. Whether Defendant claimed a meal break regardless of whether Plaintiff and Class Members took a meal break;

   f. Whether Defendants required Plaintiff and Class Members to work while they were off-the-clock;

   g. Whether Defendants paid Plaintiff and Class Members for time spent working while they were off-the-clock;

   h. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, as required by the NYLL; and

   i. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

*JESSICA SERRANO*

41. In or around the end of August 2019, Defendant hired Plaintiff JESSICA SERRANO as a lead cook at one of their contracted New York State schools in Suffolk County, Laddie A Decker Sound Beach, located at 197 N Country Road, Miller Place, NY 11764. Plaintiff started her employment with Defendant on or about August 31, 2019. In or around March 2020, pursuant to an executive order, all public schools within New York State, including Laddie A Decker, closed for the rest of the Spring 2020 academic term due to the COVID-19 pandemic.

42. In or around August 2020, Defendant informed Plaintiff that its contract with Laddie A Decker School and other schools across Long Island was terminated, and that effective immediately, she no longer had a position with Defendant.

43. The duties of a lead cook included preparing students' breakfast and lunch, stocking inventory, picking up ingredients and supplies from nearby schools, washing dishes, cleaning the kitchen, submitting paperwork for supply orders, among others. Lead cooks did not have any supervisory authority, nor did they have the power to hire or fire employees, make payroll decisions or set employee schedules.

44. At all relevant times, Defendant required Plaintiff and similarly situated employees to clock-in and clock-out by filling out a weekly timesheet.

45. At all relevant times, Plaintiff was compensated at a rate of $16.00 per hour, for all hours worked. Other similarly situated employees were similarly compensated at an hourly rate.

46. At all relevant times, while employed as a lead cook for Whitsons Culinary Group, Plaintiff was scheduled to work from 6:30am to 2:30pm, for five (5) days a week. However, in reality, Plaintiff began work at 6:00am every workday. At all times, Plaintiff was instructed not to write that she was starting work earlier than 6:30am since Defendant did not have the budget to

compensate Plaintiff for all of her actual hours worked. At all relevant times, Plaintiff was only compensated for her hours worked until 2:30pm. However, at least three (3) times per week, Plaintiff was required to stay until 3:00pm to finish her work. As a result, Plaintiff was not compensated for at least four (4) hours per workweek. During weeks in which these additional hours exceeded forty (40) hours per week, such hours should have been paid at the overtime rate.

47. Furthermore, at all relevant times, at the end of each month, all lead cooks were required to submit their respective inventory to Defendant. As such, Plaintiff was required to work four (4) to five (5) additional hours per month at home compiling inventory data to send to Defendant. In order to complete inventory, Plaintiff was required to stay after her scheduled end time for two (2) days towards the end of the month, for an additional thirty (30) minutes each day to complete the work. As a result, Plaintiff was further not compensated for at least five (5) to six (6) hours per month to complete inventory. During the weeks in which these additional hours exceeded forty (40) hours per week, such hours should be paid at the overtime premium.

48. Based on conversations with other employees, similarly situated employees were similarly required to start work earlier than their scheduled start time to prepare breakfast for the students and to continue working well after the end of their regularly scheduled shifts in order to finish their work and were not paid for all of their hours worked. Defendant was aware that Plaintiff and similarly situated employees were working prior to their start time and working beyond their scheduled end time, but failed to compensate them for all compensable work hours.

49. Furthermore, at all relevant times, Defendants had a policy of deducting thirty (30) minutes per workday from Plaintiff and other similarly situated employees for meal breaks that they were unable to take. Due to their workload, Plaintiff and other similarly situated employees were unable to take clear and free meal breaks, and as such, they did not write their meal breaks

on their timesheets. However, after not writing meal breaks that Plaintiff was unable to take on her timesheets, Denise "Last Name Unknown" specifically instructed Plaintiff that Whitsons required her and other employees to fill out a meal break every workday on the timesheets even though Defendant was aware that such breaks were not taken. At all relevant times, Plaintiff wrote that her meal break took place between 12:00pm and 12:30pm even though no such break was taken. Due to Defendant's policy of deducting thirty (30) minutes for meal breaks that were not taken, Defendant failed to compensate Plaintiff and similarly situated employees for at least two and a half (2.5) hours per week. During the weeks in which these additional hours exceeded forty (40) hours per week, such hours should be paid at the overtime premium.

50. At all times, Plaintiff and similarly situated employees were not compensated for all of their hours worked. For weeks in which Plaintiff and other similarly situated employees worked in excess of forty (40) hours per week, such time-shaved hours were overtime hours worked.

51. Defendant's time-shaving policies and failure to pay employees for all compensable hours worked, resulted in a systematic failure to pay the full and proper wages for all hours worked by Plaintiff and other similarly situated employees. In total, Plaintiff and other similarly situated employees were regularly not compensated between six and a half (6.5) and twelve and a half (12.5) hours per week.

52. Throughout their employment with Defendant, Plaintiff and similarly situated employees did not receive proper notices of pay rate or pay day from Defendant, as required under the NYLL.

53. At all relevant times, Plaintiff and other similarly situated employees did not receive proper wage statements from Defendant. Specifically, their wage statements were

improper because they failed to accurately reflect Plaintiff's and other employees' actual number of hours worked.

54. Based on Plaintiff's observations and conversations with her co-workers at Whitsons, Plaintiff, FLSA Collective Members and Class Members were similarly paid on an hourly basis.

55. Based on Plaintiff's observations and conversations with co-workers at Whitsons, Defendant paid wages to Plaintiff, FLSA Collective Members and Class Members weekly by check with wage statements.

56. Based on Plaintiff's observations and conversations with co-workers at Whitsons, Plaintiff, FLSA Collective Members and Class Members similarly suffered from Defendant's time-shaving of hours worked and failure to pay full and proper wages for all hours worked.

57. Based on Plaintiff's observations and conversations with co-workers at Whitsons, Defendants failed to provide proper wage notices to Plaintiff and Class Members.

58. Based on Plaintiff's observations and conversations with co-workers at Whitsons, Defendants failed to provide proper wage statements to Plaintiff and Class Members. The wage statements that were provided to Plaintiff and Class Members failed to accurately reflect the employees' actual hours worked and failed to state other required information.

59. Defendant knowingly and willfully operated their business with a policy of failing to pay the full and proper wages to Plaintiff, FLSA Collective Members and Class Members for all hours worked, in violation of the FLSA and NYLL.

60. Defendant knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

61. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and FLSA Collective Members.

64. Defendant failed to pay Plaintiff and FLSA Collective Members the minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

65. Defendant failed to pay Plaintiff and FLSA Collective Members the minimum wage and overtime wages for all hours worked due to Defendants' time-shaving of employees' hours worked.

66. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

67. Defendant's unlawful conduct has been willful and intentional. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful minimum wage and overtime wages for all hours worked when Defendant knew or should have known such was due. Defendant

has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

68. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

69. As a result of Defendant's willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied minimum wage and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

70. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. At all times relevant, Plaintiff and the Class have been employees of Defendant, and Defendant has been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

73. Defendant failed to pay Plaintiff and Class Members at least the minimum wage and their proper overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

74. Defendant failed to pay Plaintiff and the Class the full and proper wages for all hours worked due to Defendant's time-shaving of employees' hours worked.

75. Defendants failed to pay Plaintiff and the Class the full and proper wages for all hours worked.

76. Defendant failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

77. Defendant failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

78. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

79. Defendant failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

80. As a result of Defendant's willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant their unpaid wages due to time-shaving of employees' hours worked, unpaid overtime wages for all hours worked, liquidated damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Members, and the Class, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d. An award of unpaid wages resulting from Defendants' failure to pay wages for all hours worked, in violation of the FLSA and NYLL;

e. An award of liquidated damages as a result of Defendants' willful failure to pay full and proper wages for all hours worked, pursuant to the FLSA or NYLL;

f. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

g. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

h. An order awarding relief for Defendants' discriminatory conduct, including but not limited to economic, compensatory and punitive damages;

i.  Pre-judgment and post-judgment interest;

j.  Reasonable attorneys' fees and costs of this action;

k.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

l.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated:  May 10, 2021                                Respectfully submitted,

**BROWN KWON & LAM, LLP**

By:   */s/ Clara Lam*

Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, JESSICA SERRANO hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against WHITSONS RESOURCE MANAGEMENT CORP. d/b/a WHITSONS CULINARY GROUP, and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

_____
Name: JESSICA SERRANO

Date: 4/20/2021